U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 FEB 17  AM 11: 13

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

NANCY FERRANDO,                          )
                                         )
    Plaintiff,                           )
                                         )
        v.                               )        Case No. 5:14-cv-00066
                                         )
SYLVAIN BOUCHARD and                     )
LIBTEC INC.,                             )
                                         )
    Defendants.                          )

**OPINION AND ORDER RE:**
**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**WITH REQUEST FOR SANCTIONS**
**(Doc. 23)**

Plaintiff Nancy Ferrando brought this action against defendants Sylvain Bouchard and his employer, Libtec Inc., alleging that Bouchard's truck collided with the rear of Ferrando's automobile on Interstate 89 in Vermont as a result of his negligence.  (Doc. 1.)  Ferrando has moved to compel discovery and to impose a sanction on defendants.  (Doc. 23.)  The court GRANTS the motion to compel discovery and DENIES the request for sanctions.

Ferrando requests an order that defendants answer certain interrogatories and requests for production on behalf of defendant Bouchard within five business days.  (Doc. 23 at 3.)  Defendants do not oppose the discovery requested; rather, they object to the motion on the basis that the discovery requested "will be finalized shortly."  (Doc. 26 at 2.)  The court GRANTS Ferrando's motion to compel discovery, and orders defendant Bouchard to respond to Ferrando's outstanding discovery requests within thirty (30) days.[1]

---

[1] The court overlooks Ferrando's noncompliance with Local Rule 26(d)(3)(B)—which requires parties to include in their supporting memoranda "a specific, verbatim listing of each discovery item sought or opposed, including the reason the item should be allowed or disallowed, except where the motion is based upon the failure" to, *inter alia*, serve answers to interrogatories— because defendants do not oppose the production request itself.

1

Ferrando also moves the court to sanction defendants with a judgment of liability in her favor. (Doc. 23 at 3.)  Rule 37(b) of the Federal Rules of Civil Procedure allows the court to impose sanctions on a party for failing to comply with a court order.  Additionally, severe sanctions should only be imposed if the failure to comply with the court order "is due to willfulness, bad faith, fault or gross negligence, rather than inability to comply or mere oversight."*Avallone v. Hofman*, No. 2:06-CV-253, 2009 WL 902093, at *2 (D. Vt. Mar. 31, 2009) (internal quotation omitted).  Here, no discovery order has been issued before this one, nor does it appear that defendants have failed to produce the discovery requested willfully or in bad faith.  The sole reason for the dispute appears to be defendants' timeliness.  The court therefore does not impose a sanction on defendants in connection with their failure thus far to respond to Ferrando's discovery requests.

## CONCLUSION

For the reasons stated above, Plaintiff Ferrando's motion to compel discovery is GRANTED, and her request for sanctions is DENIED.

Dated at Rutland, in the District of Vermont, this 17th day of February, 2015.

Geoffrey W. Crawford, Judge
United States District Court